### PUGET SOUND MACHINERY DEPOT v. DAVIS, Director General of Railroads.

(Circuit Court of Appeals, Ninth Circuit. August 4, 1924.)

#### No. 4073.

Evidence �köö519—Expert testimony as to whether pieces of steel were "shafts" or "rough forgings" held properly received.

Whether pieces of steel lathed down to within one-eighth inch of their ultimately intended diameter, but which could not be used as shafts until further machined and bolt holes bored in their flanges, were steel "shafts," or "rough forgings," within tariffs filed with Interstate Commerce Commission, presented question of fact, on which expert testimony was properly received.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by James C. Davis, as Director General of Railroads of the United States and Agent of the United States under Transportation Act Feb. 28, 1920 (Comp. St. Ann. Supp. 1923, § 1007¼ et seq.), against

⊫⊨For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the Puget Sound Machinery Depot. Judgment for plaintiff, and defendant brings error. Affirmed.

· Ira Bronson, J. S. Robinson, and H. B. Jones, all of Seattle, Wash., for plaintiff in error.

Geo. T. Reid and C. H. Winders, both of Seattle, Wash., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The defendant in error brought an action to recover unpaid freight charges on four carloads of forgings intended to be made into shafts for vessels, shipped from Camden, N. J., to the plaintiff in error at Seattle. The cars were billed by the shipper as containing rough forgings. Upon an inspection by the Trans-Continental Freight Bureau at Seattle, the contents of the cars were classified as shafts or shafting, and freight bills with charges upon that classification were presented to the plaintiff in error at the rate of $2.40 per 100, but later new bills were presented on the basis of $2.37½ per 100. The plaintiff in error, contending that the goods should be classified as rough forgings, paid $1.37½ per 100 pounds, and refused to pay more, asserting that the cars contained forgings and not finished shafting, and saying in a letter to the agent of the defendant in error: "The shafting is still in the rough state and must be finished in our shop here."

A jury trial was waived, and on the court's findings the defendant in error recovered judgment for the difference between the amount so paid by the plaintiff in error and $2.37½ per 100. Upon the testimony adduced the trial court found that the freight charges were assessed in accordance with the duly filed and published classifications and tariffs governing the transportation of such material from Camden, N. J., to Seattle, Wash., as shown by the tariffs and classifications duly filed with the Interstate Commerce Commission and then in effect, and that the contents of the cars were flanged shafts roughly machine turned, and were properly classified as shafts or shafting, iron or steel, other than crank shafts without cams, couplings, or fittings, and not key-leaved nor key-seated, as shown by items 4, 7, and 9, page 301, of Western Classification No. 55, which was in effect at the time, and that the rate thereon was $2.37½ per 100 pounds.

The plaintiff in error contends that there is no dispute as to the facts in the case, that the sole question involved is one of construction, and that expert evidence was neither necessary nor appropriate. But this contention is negatived by the very argument which the plaintiff in error proceeds to make. It asserts that the goods so consigned to it were not shafts or shafting, inasmuch as they were long, round pieces of steel, with a mushroom-like flange at one end, and were lathed down to within one-eighth of an inch of their ultimately intended diameter, and could not be used as shafts until further machined down their entire length and bolt holes were bored in their flanges. The defendant in error, on the other hand, contends that, notwithstanding that further work had to be done in order to fit the shafts, they were nevertheless, when consigned, steel shafts, and not rough forgings, within the provisions of the tariffs and classifications filed with the Interstate

Commerce Commission. There was thus presented a question of fact as to how the terms "rough forgings" and "shaftings" were understood and accepted in the transportation business. Upon that issue testimony was taken and thereupon the court made its finding of fact.

We see no ground for disturbing either the finding or the judgment. The judgment is affirmed.